UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZACHARY CHESSER,<br><br>    Plaintiff,<br><br>    v.<br><br>J.S. WALTON, WENDY J. ROAL, JEFFREY BANEY, JOHN PARENT, ERIC HOLDER JR., HARLEY LAPPIN, CHARLES SAMUELS JR., D. SCOTT DODRILL, THOMAS R. KANE, MICHAEL K. NALLEY, AMBER NELSON, PAUL M. LAIRD, KEITH HARRISON, LISA HOLLINGSWORTH, DARREN SPROUL, CALVIN JOHNSON, STEVE JULIAN, ROBERT ROLOFF, PAUL KELLY, STEVEN V. CARDONA, MILTON NEUMANN, HENRY RIVAS, LAWRENCE HOWARD, G. FOZZARD, C/O WEBB, T. SMITH, C/O BASLER, C/O HAMPTON, C/O FALIMER, C/O LENNON, LT. LOCKRIDGE, K. WELLS, LT. MALCOM, LT VANDYVER, H. CLARK, APRIL CRUITT, T. CAPALDO, STEPHEN COLT, J. SIMMONS, LESLIE SMITH and UNITED STATES,<br><br>    Defendants. | Case No. 12-cv-1198-JPG-PMF |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Zachary Chesser's motion to reinstate (Doc. 79) his amended motion for a preliminary injunction (Doc. 21). The defendants have responded to the motion to reinstate (Doc. 85). The Court also considers and will grant Chesser's motion for leave to file a reply to the defendants' response (Doc. 88). The Court will consider his reply in deciding his motion to reinstate.

In this lawsuit, Chesser complains about the restrictions on his right to participate in Muslim group worship services while incarcerated in the Communication Management Unit ("CMU") at the United States Penitentiary at Marion, Illinois ("USP-Marion"). In his prior motion, he sought a preliminary injunction prohibiting the defendants from disciplining him for participation in such services. The Court denied the motion on June 9, 2014, on the grounds that Chesser had been

transferred from USP-Marion to the administrative maximum security prison at Florence, Colorado ("ADX-Florence"), so his request for injunctive relief was moot. The Court noted, however, that should Chesser believe he is likely to be retransferred to USP-Marion, he may file a motion to reinstate his preliminary injunction motion.

Ordinarily, a transfer to another prison moots a prisoner's claim for injunctive relief against officials at the first prison. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (*per curiam*). An exception to this general rule exists where the prisoner can show he is likely to be retransferred to the first prison and fact the same conditions about which he complains. *Id.* That showing cannot be based on mere speculation. *Id.*

Chesser's motion to reinstate is based on two main arguments: (1) he is likely to be transferred back to USP-Marion and (2) his religious rights are also being infringed on at ADX-Florence, where Chesser is kept in solitary confinement and is not allowed any contact with other inmates.

With respect to his first argument, Chesser notes that the confinement at ADX-Florence is designed to be temporary, lasting only a few years, at which point he would be transferred back to one of the two CMUs within the Bureau of Prisons ("BOP"). He speculates that, in light of his separation order from an inmate at the other facility with a CMU, he is likely to be transferred to USP-Marion. The defendants note that a transfer out of ADX-Florence is a multi-step process that takes, at a minimum, three years. Thus, they believe Chesser will be transferred out of ADX-Florence in June 2017, at the earliest, and whether he is returned to a CMU unit, specifically, USP-Marion's CMU unit, will not be decided until he is ready to be transferred. Chesser disputes that three years is the minimum period an inmate spends at ADX-Florence, but agrees that the stay is at least a few years.

The Court finds that Chesser has not made a sufficient non-speculative showing that a return to the conditions about which Chesser complains at USP-Marion is likely. While it is likely Chesser will be transferred out of ADX-Florence, it is speculation that he will be transferred back to the CMU at

2

USP-Marion. Even if such a transfer occurs, will not happen for years, possibly after this suit is concluded. Furthermore, the conditions that exist at that time may not be the same or similar to those present during his prior incarceration there. After all, lawsuits like Chesser's, *Lindh v. Warden, Federal Correctional Institute, Terre Haute, Indiana*, No. 2:09-cv-215-JMS-MJD (S.D. Ind.), or others may cause the BOP to change its CMU policies and procedures. Addressing Chesser's motion for preliminary injunction now is not warranted where the situation he complains of in the motion may not exist again. Furthermore, if Chesser finds himself facing the same conditions again at the CMU at USP-Marion at some point in the future, he will may bring his complaints before the Court and seek injunctive relief at that time.

With respect to the second argument, Chesser notes that the BOP substantially justified his confinement at ADX-Florence by reference to his unauthorized congregate prayer at USP-Marion. He argues that this proves the defendants are substantially infringing on the exercise of his religious beliefs, as he alleged in his preliminary injunction motion. He also asks the Court to order him transferred back to USP-Marion in light of the fact that his transfer to ADX Florence was in retaliation for the conduct at USP-Marion that was the basis for this lawsuit and that he still cannot pray in a group at ADX-Florence.

While it is true that Chesser's transfer based on his failure to obey the USP-Marion's prohibition on congregate prayer in the CMU may be evidence that the defendants, contrary to their representations earlier in this lawsuit, are enforcing that prohibition, it does not justify reinstating a preliminary injunction motion addressed to conditions Chesser no longer faces. To the extent Chesser objects to his transfer to ADX-Florence and to the conditions at that institution (which are undoubtedly different in kind than the conditions at USP-Marion simply because of the difference in security levels of the institutions), Chesser is free to file another lawsuit (after exhausting his administrative remedies[1]) and

---

[1] Chesser asserts that in August 2014 he exhausted his administrative remedies as to the issue of his transfer to ADX-Florence. However, that does not mean he can raise those issues in this lawsuit, which was filed in November 2012, and amended in March 2013. Exhaustion must be completed *before filing*

motion for preliminary injunction.   Those conditions, however, are not at issue in this case.

    For these reasons, the Court:

- **GRANTS** Chesser's motion for leave to reply to the defendants' response (Doc. 88);

- **DIRECTS** the Clerk of Court to docket Chesser's reply brief; and

- **DENIES** Chesser's motion to reinstate his motion for a preliminary injunction (Doc. 79).

**IT IS SO ORDERED.**
**DATED:   October 21, 2014**

                                        s/J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**

---

*suit*, not just before raising an issue in a suit.   See *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) (noting that exhaustion is a precondition to filing a *Bivens* suit).