UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ZACHARY CHESSER,

    Plaintiff,

      v.

J.S. WALTON, WENDY J. ROAL, JEFFREY BANEY, JOHN PARENT, ERIC HOLDER JR., HARLEY LAPPIN, CHARLES SAMUELS JR., D. SCOTT DODRILL, THOMAS R. KANE, MICHAEL K. NALLEY, AMBER NELSON, PAUL M. LAIRD, KEITH HARRISON, LISA HOLLINGSWORTH, DARREN SPROUL, CALVIN JOHNSON, STEVE JULIAN, ROBERT ROLOFF, PAUL KELLY, STEVEN V. CARDONA, MILTON NEUMANN, HENRY RIVAS, LAWRENCE HOWARD, G. FOZZARD, C/O WEBB, T. SMITH, C/O BASLER, C/O HAMPTON, C/O FALIMER, C/O LENNON, LT. LOCKRIDGE, K. WELLS, LT. MALCOM, LT VANDYVER, H. CLARK, APRIL CRUITT, T. CAPALDO, STEPHEN COLT, J. SIMMONS, LESLIE SMITH and UNITED STATES,

    Defendants.

Case No. 12-cv-1198-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Zachary Chesser's motion for reconsideration (Doc. 102) of the Court's October 21, 2014, order (Doc. 99) denying his motion to reinstate (Doc. 79) his amended motion for a preliminary injunction (Doc. 21).

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine.

*Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).  The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous.  *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008);  *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

      Chesser has pointed to no manifest error or change in the law that warrants reconsideration of his request for a preliminary injunction.  His complaint in this case and his preliminary injunction motion are about the policies and practices in the Communication Management Unit at the United States Penitentiary at Marion, Illinois.  He is no longer housed there, so preliminary injunctive relief is not warranted.  Accordingly, the Court **DENIES** Chesser's motion to reconsider (Doc. 102).

**IT IS SO ORDERED.**
**DATED:   November 20, 2014**

                                      s/J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**