## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ZACHARY CHESSER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:12-cv-1198-JPG-PMF** |
| | ) | |
| **J. S. WALTON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff Zachary Chesser's motion for Rule 11 sanctions (Doc. No. 84). Chesser is proceeding on claims regarding his statutory religious freedom and First Amendment right to exercise religious beliefs in prison. In this motion, he claims that the defendants and their former counsel falsely represented to the Court that the defendants were not enforcing a ban on congregational worship to support a finding that Chesser's motion for preliminary injunctive relief was moot. The motion is opposed on the basis that plaintiff's recent placement is not at issue in this litigation (Doc. No. 97).

In pertinent part, Rule 11 provides:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
. . .
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)((1), (3).

Chesser's concerns lie with defense counsel's representations in November, 2013, that the defendants were not enforcing a ban on congregational worship.  He attributes to defense counsel conduct and statements that were false, manipulative, misleading, horrific, egregious, and designed to inflict direct harm.  These characterizations do not accurately describe defense counsel's remarks or conduct.

In a brief filed on November 8, 2013, defense counsel argued that her clients had not imposed a substantial burden on Chesser's efforts to exercise his religious faith, noting that he could fulfill an essential aspect of his Muslim beliefs by engaging in daily prayer (Doc. No. 63). In making these points, she accurately described plaintiff's deposition testimony on the topics of his daily prayer and the absence of penalties since this action was filed.  She did not argue that his request for preliminary injunctive relief was moot; rather, she took the position that he had failed to satisfy the threshold requirements for the relief he was requesting.  At the hearing, she took a slightly different position, suggesting that the evidence would show that Chesser "is allowed to engage in congregate daily prayer" (Doc. No. 67, p. 25).  While this position was disputed, some evidence was close enough to lend reasonable support to the factual assertion (Doc. No. 67, pp. 44, 58-60, 65-66, 71, 78).  Later, when responding to objections from plaintiff, defense counsel accurately represented that plaintiff's placement was in flux.  He had been removed from general population and was "under review for designation to a higher security setting" (Doc. No. 74, p. 4).  In December, 2013, Chesser was assigned to a special housing unit. He was later transferred to ADX-Florence, for various reasons that are not being litigated in this proceeding (Doc. Nos. 78, 84-4).

The Court is not persuaded that defense counsel made representations or engaged in conduct that violates the provisions of Rule 11(b).

2

IT IS RECOMMENDED that plaintiff's motion for Rule 11 sanctions (Doc. No. 84) be

DENIED.

SUBMITTED:  <u>February 19, 2015</u>  .

<u>s/Philip M. Frazier</u>
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**