UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ZACHARY CHESSER,

    Plaintiff,

        v.

J.S. WALTON, *et al.*,

    Defendants.

Case No. 12-cv-1198-JPG-PMF

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 110) of Magistrate Judge Philip M. Frazier recommending that the Court deny plaintiff Zachary Chesser's motion for Rule 11 sanctions (Doc. 84). Chesser has objected to the Report (Doc. 112), and the defendants have responded to that objection (Doc. 118).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In this lawsuit, Chesser complains about the restrictions on his right to participate in Muslim congregate prayer while he was incarcerated in the Communication Management Unit at the United States Penitentiary at Marion, Illinois. He sought a preliminary injunction prohibiting the defendants from disciplining him for participation in such services. The defendants' counsel represented in a written response to Chesser's motion that the defendants had not substantially burdened Chesser's right to practice his religious faith by engaging in daily prayer and that he had not been punished for his prayer activities since this case began. At an evidentiary hearing, the

defendants' counsel stated that Chesser had been allowed to engage in congregate daily prayer and some evidence supported that Chesser had engaged in congregate daily prayer.   In response to an earlier report and recommendation from Magistrate Judge Frazier, the defendants' counsel indicated Chesser was under review for possible placement in a higher security prison.   Before the Court could rule on the substance of Chesser's motion for a preliminary injunction, Chesser was transferred to the administrative maximum security unit at the United States Penitentiary at Florence, Colorado.   In the Report under consideration at the moment, Magistrate Judge Frazier stated he was not persuaded that the defendants' counsel engaged in conduct that violated Rule 11(b).

In his objection, Chesser states he does not object to the denial of his motion for Rule 11 sanctions but objects instead to the reasoning Magistrate Judge Frazier used to reach his recommendation to deny Chesser's motion.   He asks the Court to reject the reasoning so as not to tie the Court's hands when other issues such as damages arise in the future.   He further asks the Court to force the defendants to pay the filing fee for this case.

In light of the fact that Chesser has no objection to Magistrate Judge Frazier's ultimate recommendation to deny Chesser's motion for sanctions, and in light of the fact that the Court agrees with the reasoning set forth in the Report, the Court will adopt the Report and deny Chesser's motion for Rule 11 sanctions.   Should Chesser feel the need to dispute the reasons adopted by the Court today in connection with an issue arising later in this case, he may ask the Court to revisit those reasons at that time.   Furthermore, because the Court finds Rule 11 sanctions are generally inappropriate based on the defendants' counsel's representations, the lesser sanction of awarding the cost of the filing fee is also inappropriate.

For the foregoing reasons, the Court:

- **ADOPTS** the Report in its entirety (Doc. 110);

- **OVERRULES** Chesser's objections (Doc. 112); and

- **DENIES** Chesser's motion for Rule 11 sanctions (Doc. 84).

**IT IS SO ORDERED.**
**DATED: March 24, 2015**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
