UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ZACHARY CHESSER,

    Plaintiff,

        v.                                                                    Case No. 12-cv-1198-JPG-PMF

J.S. WALTON, *et al.*,

    Defendants.

## MEMORANDUM AND ORDER

    This matter comes before the Court on the defendants' objection (Doc. 172) to Magistrate Judge Philip M. Frazier's May 22, 2015, order (Doc. 162) declining to set aside a prior order assessing sanctions against two defendants. Plaintiff Zachary Chesser has responded to the objection (Doc. 175).

    A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court may also *sua sponte* reconsider any matter determined by a magistrate judge. L.R. 73.1(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

    In this lawsuit, plaintiff Zachary Chesser complains about the restrictions on his right to participate in Muslim congregate prayer while he was incarcerated in the Communication Management Unit at the United States Penitentiary at Marion, Illinois ("USP-Marion"). Included as defendants for Counts 1 (First Amendment), 2 (Religious Freedom Restoration Act), 3 (intentional infliction of emotional distress) and 4 (Equal Protection) are former United States Attorney General Eric Holder, Bureau of Prisons ("BOP") Director Charles Samuels, Jr., USP-Marion Warden J.S. Walton and Supervisory Chaplain Robert Roloff (for Count 4 only). The pending matter involves two discovery disputes.

The first arose after Chesser requested in July 2014 that defendant Holder produce certain documents relating to the formation and enforcement of congregate worship policies at USP-Marion, to the decision to transfer Chesser to the Administrative Maximum Facility at Florence, Colorado ("ADX-Florence"), and certain books available in prison libraries (Doc. 98-1). Holder did not respond in a timely manner, so in October 2014 Chesser moved to compel the production (Doc. 98).   In November 2014, Magistrate Judge Frazier ordered Holder to produce the requested documents by November 24, 2014 (Doc. 103).   Holder did not respond in a timely manner, so in December 2014 Chesser asked the Court to sanction Holder (Doc. 105).   Holder did not respond to Chesser's motion.   In March 2015, Magistrate Judge Frazier granted Chesser's motion for sanctions and ordered that (1) Holder shall not be allowed at trial or on summary judgment to use documents relating to the referral and transfer of Chesser to ADX-Florence and (2) that Holder shall reimburse Chesser his reasonable expense in seeking a discovery response, $5.00 (Doc. 115).   Magistrate Judge Frazier further warned that additional sanctions might be appropriate if Holder failed to produce the requested documents within 21 days.

In a separate discovery issue, in October 2014 Chesser propounded interrogatories on defendant Samuels regarding the justification, implementation and enforcement of the congregate worship policy and Chesser's transfer to ADX-Florence (Doc. 106).   Not having received a response in a timely manner, in December 2014 Chesser sought sanctions and an order to compel Samuels to respond to his discovery requests (Doc. 106).   Samuels did not respond to Chesser's motion.   In March 2015, Magistrate Judge Frazier ordered Samuels to respond to the interrogatories within 21 days and reimburse Chesser his reasonable expenses in obtaining the order to compel, $10.00, but denied Chesser's other requests for relief as unwarranted and/or premature (Doc. 113).

Shortly after Magistrate Judge Frazier's two discovery sanction orders, Holder and

Samuels asked Magistrate Judge Frazier to set them aside (Doc. 117). They attributed their failure to respond to Chesser's discovery requests and motions for sanctions to carelessness, the failure to track deadlines accurately, and the failure of the BOP to timely provide the United States Attorney with requested information. The defendants represented that these shortcomings had been corrected and asked that the sanctions orders be vacated and that they be allowed additional time to respond to Chesser's discovery requests. They argued it was unfair to make high-level government officials fund their counsel's mistakes. They further argued that it was impracticable to prevent Holder from using documents other defendants would be relying on in a common motion for summary judgment and that it risked yielding inconsistent and illogical results on the same issues. Chesser objected to the defendants' requests (Doc. 125).

Magistrate Judge Frazier denied the defendants' motion, finding that the defendants had not provided sufficient justification for reconsidering his prior orders and essentially that those responsible for ensuring timely discovery responses were capable of doing so and must live with their delinquent attention to this litigation (Doc. 162). It is this order the defendants now ask the Court to overturn.

In their objection to Magistrate Judge Frazier's order, the defendants cite for the first time Federal Rule of Civil Procedure 60(b) and argue that Magistrate Judge Frazier did not properly apply that rule when denying the defendants' motion to set aside the sanctions orders. They argue that they established excusable neglect under Rule 60(b)(1).

As a preliminary matter, the Court notes the defendants' request to Magistrate Judge Frazier to set aside his sanctions orders would not have been governed by Rule 60(b)(1) even if the defendants had not waived that argument by failing to raise it before Magistrate Judge Frazier, instead relying on a nebulous appeal to fairness and practicability. Instead, it is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir.

2006).  Under that doctrine, "[a] court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'"  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").  The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous.  *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chi.*, 486 F.3d 294, 301 (7th Cir. 2007).

      Magistrate Judge Frazier was correct to find no compelling reason to reexamine his decision not to vacate his sanctions orders, which were correct in the first instance.  The defendants' neglect was three-fold:  the failure to timely respond to discovery requests, the failure to object to the original order compelling document production, *and* the failure to respond to (and apparently also to read and take note of) a motion pointing out the original neglect.  In fact, the defendants offer no reason whatsoever why they did not respond to Chesser's motions for sanctions by either filing a brief or remedying the discovery delinquency.  Litigants, even government litigants, do not get unlimited opportunities to perform their obligations.  Furthermore, litigants themselves must live with the performance of the attorneys they have chosen to represent them, *see* Defs.' Mot. Ext. of Time to Respond ¶ 6 (Doc. 44) ("[T]he defendants requested representation from the Department of Justice."), even if they are bad performances.  Finally, the Court is confident it can practically address summary judgment and trial where one witness is barred from using certain evidence but others are not.

For these reasons, the Court finds Magistrate Judge Frazier's order is not clearly erroneous or contrary to law and does not warrant reconsideration by this Court. Accordingly, the Court **AFFIRMS** Magistrate Judge Frazier's May 22, 2015, order (Doc. 162) denying the defendants' motion to set aside his March 2014 orders and **OVERRULES** the defendants' objection (Doc. 172).

**IT IS SO ORDERED.**
**DATED: July 8, 2015**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**