IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ZACHARY CHESSER,

    Plaintiff,

    v.

J.S. WALTON, *et al.*,

    Defendants.

No. 12-cv-1198-JPG-RJD

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Zachary Chesser's objection (Doc. 300) to the bill of costs filed by the defendants in the amount of $1,816.79 for deposition transcripts and witness fees (Doc. 297). Chesser argues in support of his request that at various times throughout this case the defense "disappeared" and was sanctioned, that the bill contains unnecessary expenses, and that the depositions relate solely to a claim that was mooted by his transfer to another institution. He argues he litigated in good faith and in a professional manner. In their response (Doc. 305), the defendants note that Chesser sued forty defendants and lost on all counts. They further argue that the costs claimed are reasonable and that Chesser has provided no proof of indigency. The Court considers in connection with this issue a trust fund statement for Chesser's account from August 31, 2012, to November 11, 2012, showing an available balance of $157.46 (Doc. 3). The Court further notes Chesser's continuous incarceration since that time and his current release date of June 16, 2032. *See* Inmate Locator, Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Oct. 3, 2017).

Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. Fed. R. Civ. P. 54(d)(1). Objections may be filed within 14 days of the Clerk's notice. Local Rule 54.2. Costs allowed to be taxed are set forth in 28 U.S.C. § 1920. The Court presumes that a prevailing party is entitled to costs as a matter of course, *Krocka v. City of*

*Chicago*, 203 F.3d 507, 518 (7th Cir. 2000), but has the discretion to deny or reduce costs where warranted, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). If the Court reduces or denies costs, it must explain its decision. *Krocka*, 203 F.3d at 518. Chesser has objected to taxation of costs within the extension of time allowed by the Court, so his objection is timely.

Chesser first objects that the defendants committed misconduct at earlier stages of this case by "disappearing" or performing other sanctionable conduct. A reduction or denial of costs may be appropriate where a prevailing party has committed some kind of misconduct. *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). The Court finds that problems with the defense that occurred earlier in this case were adequately addressed at the time of the objectionable conduct and do not warrant a reduction in costs.

Chesser also challenges the propriety of the costs claimed because he believes they were unnecessary expenses. The three depositions, he argues, were connected with a claim he would have won were it not for a transfer to another institution. The Court overrules this objection. The depositions were used in this case and are therefore a proper item of costs under 28 U.S.C. § 1920(2), which allows as a cost "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."

Chesser also objects to the reasonableness of the specific items of travel claimed to secure David Shiavone's presence as a witness at trial. The Court has reviewed the itemized expenses and finds that they are reasonable and consistent with 28 U.S.C. § 1821(c) and (d), which call for reimbursement to a witness of his actual travel expenses, incidental charges such as tolls and parking, and a subsistence allowance for overnight stays. Accordingly, such costs are taxable under 28 U.S.C. § 1920(3) as "[f]ees . . . for . . . witnesses."

Finally, Chesser invokes his pauper status and litigation skill to justify a fee reduction. A

reduction or denial of costs may be appropriate where a non-prevailing party is indigent and his suit is not frivolous. *See Rivera v. City of Chi.*, 469 F.3d 631, 634-35 (7th Cir. 2006) (citing *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983)). In deciding whether to hold an indigent party liable for costs, the Court should examine the party's income, assets and expenses and make a threshold finding whether the losing party is incapable of paying the costs at the present time or in the future. *Rivera*, 469 F.3d at 635. The Court should also consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* The exception to the cost-shifting presumption for indigent losing parties is narrow, and the burden is on the losing party to show he fits within the exception. *Id.* at 636.

Chesser's 2012 inmate trust fund statement shows his was indigent. The statement indicates that in 2012 Chesser received minimal payroll payments and a gift from outside the prison, and that he made modest expenditures, mostly for telephone, electronic mail and small purchases. Chesser had no expenses for food or shelter. The Court does not believe that his situation has changed substantially for the better during his period of incarceration since 2012 or will change substantially for the better before his projected release date in 2032. For these reasons, the Court finds Chesser is indigent and is unable to pay the full $1,816.79 in costs in this case now or in the foreseeable future. However, in light of the minimal living expenses he must pay and his history of some income, the Court finds he will be able to pay *some* costs without undue hardship in the near future.

The Court further notes that this action was not frivolous and involved complicated questions regarding important constitutional rights. The Court believes Chesser's pursuit of this action was in good faith even though he did not prevail, but that he should not be completely relieved of the obligation to pay the defendants' costs.

For these reasons, the Court **OVERRULES** Chesser's objection to costs (Doc. 300) but will reduce the amount of costs requested to $300.00.  This is slightly more than 15% of the costs requested by the defendants and is roughly equivalent to the amount of money Chesser spent on telephone and email (Trulincs) services and on purchases during the approximately three-month period reflected on the first trust fund account statement he submitted when he filed this case (Doc. 3).  The Court believes Chesser will reasonably be able to pay this amount over the next few years.  In 2013 alone, he was able to pay his entire $350 filing fee for this case.  Now that he is no longer subject to the most restrictive conditions at the Administrative Maximum Facility in Florence, Colorado, he likely has or will soon be assigned a prison job for which he will probably receive monthly pay similar to the $14.40 per month reflected in his 2012 trust fund statement.  In such circumstances, requiring him to pay $300.00 in costs is not unreasonable.  Therefore, the Court orders an award of costs in the total amount of $300.00 to the defendants.  The Court further **DIRECTS** the Clerk of Court to enter a judgment of costs accordingly.

**DATED:  October 11, 2017**
**IT IS SO ORDERED.**

                                                   s/ J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **DISTRICT JUDGE**